All right. Thank you. Please be seated. This next case is 4-13-0513, People v. Michael Anderson. Appearing for the appellant is Attorney Michael Gomez. For the appellate, Attorney John Zimmerman. Counsel, just prior to beginning with oral argument, there is a motion to supplement record on appeal that was filed with the court yesterday. The court has conferred and denies the motion to supplement record on appeal, so argue accordingly. Mr. Gomez, are you ready to proceed? Good morning, Your Honors and Counsel, and may it please the Court. My name is Michael Gomez from the Office of the State Appellate Defender, and I am here on behalf of my client, Michael Anderson. Now, the State concedes that Mr. Anderson's orders of revocation should be reversed. Why? I'm sorry? Why should they be reversed? Well, the conviction upon which these revocation orders were based, the stipulation to that conviction, that conviction has been reversed. Therefore, according to the case law, People v. Hanna, People v. Contorno, Lopez, according to those cases, the revocation order should be reversed. Was the probation revocation based upon the conviction, or was it based on the commission of the offense as alleged in the petition to revoke? Your Honor, it was based on a stipulation to the fact of conviction, to the fact that he was convicted by a jury in 12 CF 934. Counsel, I'll direct your attention to the second petition for revocation of probation in McLean County, case number 2011 CF 514, and it alleged the defendant had violated the terms and conditions of probation in that on September 12, 2012, the defendant committed the offense of aggravated battery in a public place, as alleged in the McLean County case 2012 CF 934. And then in the report of proceedings for March 19, 2013, a factual basis was presented by the State, indicating that on September 12, 2012, the defendant committed the offense of aggravated battery in a public place, as alleged in McLean County, case number 2012 CF 934. So, in fact, was not the probation revocation based on the commission of the offense, as opposed to the conviction? No, Your Honor. Because right after that, the State's attorney said there was a jury trial and the jury found the defendant guilty. And then in case number 11 CF 1134, the State's attorney once again said that Mr. Anderson violated probation in 12 CF 34 as found by a jury. So the factual basis for the revocation orders here depends on that jury finding. What was alleged in the petition to revoke, though, as the basis for the revocation? It was the commission of aggravated battery, as alleged in 12 CF 934. So the defendant admitted to violating his probation by committing the offense. What's it matter what happened in regards to the conviction? He's already admitted to having committed the offense, as alleged in the petition. Your Honor, our reading of the record is that the defendant admitted to the fact that he was convicted by a jury in 12 CF 934. This applies to both petitions to revoke. And the State conceded that. The State concedes that on appeal, the stipulation to the fact of conviction was the basis for the revocation orders here and conceded that the revocation order should be reversed. The issue is very narrow as to whether the revocation should be reversed outright or whether this cause should be remanded for a new revocation hearing. Now, the State has incredible discretion in how to proceed and how to present its cases. Here, the State chose to proceed by stipulation to the fact that Mr. Anderson was convicted by a jury in 12 CF 934. That was how the State chose to proceed. Now the State is trying to get a second bite at the apple by getting a new revocation hearing to present the evidence that it did not. The State did not present any factual allegations at the revocation hearing. The State didn't get Mr. Anderson to admit to any facts. The only fact that he admitted to was the fact that he was convicted. Counsel, again, I read to you what it was that was stated in terms of the factual basis, and the factual basis included that he committed the offense, which is the wording in the petition to revoke probation. Now, there may have been additional facts alleged or stated during the probation revocation hearing, including that he was convicted, but it doesn't take away from the fact that the petition to revoke probation was based on the commission of the offense. Well, Your Honor, Mr. Anderson did file a motion for a new trial seeking an acquittal or a new trial and also filed a notice of appeal, which this court heard and reversed his conviction. So that conviction, Mr. Anderson did not admit to committing the offense. He merely convicted to the fact that he was convicted by a jury in that case. So here the State made a deliberate choice to use the fact that Mr. Anderson was convicted. The fact that the revocation hearing came after the conviction also speaks volumes. It's not that Mr. Anderson just committed the offense, because the State could have pursued that at any revocation hearing before or after the trial. They chose to do it after the trial, after they saw a conviction, which this court reversed on appeal. Now, the State's deliberate choice to seek revocation of Mr. Anderson's probation by stipulation to the fact of conviction after he was found guilty by a jury, and that was the only basis on which to revoke. The only basis that the State sought revocation of his probation was on that conviction. Now, this court should reverse Mr. Anderson's orders of revocation outright, and that is supported by the case law. In People v. Contorno, the Second District reversed the defendant's revocation order outright, even though the defendant's underlying conviction was reversed and remanded for a new fitness hearing and, if necessary, a new trial. Now, in People v. Lopez, the appellate court there in the First District reversed the defendant's conviction for attempted murder outright and also reversed the defendant's revocation order outright. Now, in People v. Hanna, which was a 1975 case, the court did remand for a new revocation hearing, but importantly in that case, there were two different bases for revocation. There was the underlying substantive offense to which the defendant stipulated that he was convicted, and then there was also a failure to make restitution. So when the court remanded for a new revocation hearing, the court didn't specify as to which basis remained. However, it said, accordingly, the order revoking probation is reversed and the cause remanded for an evidentiary hearing on the petition to revoke to determine whether the facts support the charges therein set forth and whether probation should or should not be revoked. There was a different basis for revocation, and that was the basis on which the state could proceed. Now, that case, if we go backwards, relies on People v. Sims, where there was also multiple bases on which to revoke the defendant's probation. In People v. Sims, the Illinois Supreme Court case, sent it back so that the circuit court could reevaluate the petition to revoke based on those other bases of revocation, not on the conviction. Based on the state's exercise of discretion on how to proceed by stipulation to conviction, that's how it chose to proceed, and that was its one opportunity to prove Mr. Anderson's probation revocation. Now, I anticipate, based on the state's filings yesterday on the equal parole argument, that there might be a mootness argument made, and I would ask that this court preclude the state from arguing, from making any arguments that were not raised in its brief. And if there are no further questions. I don't see any. Thank you. Counsel? May it please the court? Counsel. As your honors have aptly stated out, the defendant did admit to the violations of his probation at that hearing. Although the state didn't argue in that brief, your honors are aware that you can make any findings within the record that are supported by the record, and any holdings within that. I'd like to point to defendant's brief on page 4, the bottom paragraph. It states, the basis of the revocation was Anderson's aggravated battery conviction. Anderson decided to admit to the violations of probation. As your honors stated, he admitted to violating his probation. That is enough to prove that his probation should be revoked. And I believe counsel made some sort of statement saying that the state had to prove beyond a preponderance of the evidence that the defendant did violate it, but when the defendant stipulates to those issues that he violated his probation, it weighs the state's burden. With that being said, on the next page, as you stated, September 12, 2012, the defendant committed the offense of aggravated battery in a public place. As alleged in McLean County, 2012 CF 934, there was a jury trial, and a jury found the defendant guilty. Further down there it says, defense counsel acknowledged that the state's allegations were true. So again, they admitted that the defendant violated his probation, and the probation was properly revoked. In our brief, we did argue that it should be reversed for a new evidentiary hearing, but after hearing your honors' statements today, we will rest on our brief and let your honors make a holding that is appropriate to the case. Are there any questions? I don't see any questions. Thank you. Thank you. Rebuttal? Mr. Honor, briefly, the fact that Mr. Anderson admitted to the violations of probation at the revocation hearing based on the fact that he was convicted by a jury does not negate his claim. The entire line of cases on which we rely, Hanna, Contorno, Lopez, all of those cases are where the defendant stipulated to the fact of conviction. So the fact that Mr. Anderson did admit to the violation of probation, the fact that he was convicted, doesn't preclude him from raising this argument now. Let me see if I bury the fact pattern just a little bit, if you would concede this point. If the petition to revoke probation alleged a failure to report to the probation officer as required by the probation order and alleged a violation based on a conviction in a separate criminal proceeding, and the defendant admitted to both violations after factual basis had been established, and the conviction in the other case was overturned, are you saying that the probation revocation would be invalid because the conviction in the other case, which served as one half of the probation violations, since that was overturned that the entire probation revocation would be invalid? No, Your Honor. What I'm saying is that where the stipulation to the fact of conviction is the only basis on which the revocation is based, then the order of revocation should be reversed. If there is a separate basis for revocation and the court revoked probation based on, if there is something in the record that says the court revoked probation based on the other allegation, that is the failure to make restitution, then there would be no cause to reverse the order. So here in this case, the petition to revoke probation alleged he violated his probation by committing the offense. At the revocation hearing, a factual basis was presented that he committed the offense. The defense counsel admitted that the state would be able to produce witnesses establishing that fact. Why is it that you're arguing that conviction in the underlying case has anything to do with the probation revocation when the probation revocation was confined to the defendant's admission he committed the offense? Well, Your Honor, after having been convicted by a jury, according to the language of the reports of proceedings at the revocation hearing, it is our position that Mr. Anderson did not admit to any of the factual allegations underlying that conduct. This was not an admission to any of the facts underlying even what the jury found. It was an admission to the fact that he was convicted by a jury. That is why that was spread of record. Had he been admitting to the conduct or to the fact that he committed the offense, there would have been no reason to include the fact that he had been convicted by a jury in the other case. However, the state put that on the record twice, both in 11 CF 514 and 11 CF 1134, because that was what Mr. Anderson was admitting to. Now, even in Sims, in Your Honor's hypothetical, if the circuit court at the revocation hearing had not spread of record that it was revoking defendant's probation based on both allegations and the petition to revoke, then the reversal of the underlying conviction would still require the court to reverse the order of probation and remand it for a new revocation hearing so that the circuit court can pass upon the question of the other basis for revocation, having nothing to do with the underlying substantive offense that was reversed. So for the reasons in our brief and the reasons we've stated today, we ask that this court reverse Mr. Anderson's orders of revocation. All right. Thank you. Thank you both. The case will be taken under advisement and a written decision shall issue.